PERRYMAN VS BURGSTER.

*Practice in the Supreme Court.*

1. A motion to strike a cause from the docket, on suggestion that the transcript has been improperly filed,—comes too late, after the Court has permitted the cause to be docketed, and a judgment obtained on certificate, to be set aside.

In this case, it was moved by *Porter*, of counsel, for the defendant in error, to strike the cause from the docket. The judgment in the case had been affirmed on certificate, and the same afterwards set aside, as was alleged, without the knowledge of defendant's counsel. It also appeared, that the record had not been filed within the time required by law; but at a subsequent day, had been suffered to be docketed, on motion to the Court.

GOLDTHWAITE, J.—The writ of error in this cause, was sued out on the eighteenth day of May, eighteen hundred and thirty-six, returnable to the then next ensuing term of the Supreme Court. The record was not filed within the three first days of the term, but on the seventh of July, was permitted to be filed by leave of the Court.

It is alleged that a writ of error had previously been sued out, returnable to a former term of the Court, which was not filed, as required by law; and a judgment was rendered at the last term on certifi-

4 P.                    64

cate; which judgmeut was set aside, but for what cause, does not appear.

It is now moved to strike this cause from the docket, as having been irregularly placed there.

It is the opinion of the Court, that this motion comes too late; and that the irregularity should have been taken the advantage of, when the motion was made to file the record, or when the motion was made to set aside the judgment, rendered on the certificate.